**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE DOE 1, | No. 23-55233 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-06962-DDP-RAO |
| v. | |
| MANHATTAN BEACH UNIFIED SCHOOL DISTRICT; BEN DALE, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| TYLER GORDON; DOES, 2-10, inclusive, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted February 8, 2024
Pasadena, California

Before: SCHROEDER, BUMATAY, and MENDOZA, Circuit Judges.

Jane Doe 1, a high school student at Mira Costa High School from 2017 to

2019, appeals the district court's grant of summary judgment for Manhattan Beach

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Unified School District (the "District") on Doe's Title IX liability claim and for Principal Ben Dale on Doe's 42 U.S.C. § 1983 claim. We have jurisdiction under 28 U.S.C. § 1291.

We review a district court's grant of summary judgment *de novo*. *Tauscher v. Phx. Bd. of Realtors, Inc.*, 931 F.3d 959, 962 (9th Cir. 2019). We review a district court's factual determinations for clear error. *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020).

1.      The district court did not err in granting summary judgment for the District on Doe's Title IX claims. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Doe alleges two claims under Title IX after the District failed to discipline a student ("T.G.") after Doe accused him of raping her off-campus. First, she alleges the school district acted with "deliberate indifference" to student-on-student harassment. And second, she alleges the Title IX investigation resulted in an "erroneous outcome."

First, the District did not act with "deliberate indifference." A school is deliberately indifferent when its "response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 739 (9th Cir. 2000) (simplified). This is a "fairly high

2

standard," *Karasek*, 956 F.3d at 1105, that requires more than just a "negligent, lazy, or careless" response, *Oden v. N. Marianas Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006).

In response to Doe and her family's complaints, the District offered Doe a security escort, changed Doe's class schedule, continuously monitored Doe's mental health, and regulated T.G.'s movements. At Doe's request, the school looked into alternate ways for Doe to finish the school year, like a shorter school day, completing her year online, or taking classes off-campus. Yet Doe and her parents argue that because Doe faced "ongoing harassment," those remedial measures were deficient and T.G. should have been expelled or kicked off a school athletic team. While the school may have been able to take more action, "[a]n aggrieved party is not entitled to the precise remedy that he or she would prefer." *Id.* That is because deliberate indifference requires more than mere negligence, laziness, or carelessness. *See id.*

Doe also argues we should infer deliberate indifference from a delayed Title IX investigation. A "school's delayed response constitutes deliberate indifference if it prejudices the plaintiff or if the delay was a deliberate attempt to sabotage the plaintiff's complaint or its orderly resolution." *Karasek*, 956 F.3d at 1106 (simplified). But a delayed investigation does not always constitute deliberate indifference. *See Oden*, 440 F.3d at 1089 (holding an investigation process that took "several months" was not deliberately indifferent since the school provided remedial

3

measures in the interim). Here, the school explored many options with Doe. It "was not idle" in the months between learning of Doe's allegations and the launch of its Title IX investigation. *Id.* The District held meetings with Doe and her family, changed her schedule, offered counseling and a security escort, and presented alternative ways for her to finish the school year. And there is no evidence of a deliberate attempt to sabotage Doe's complaint.

Second, Doe's "erroneous outcome" Title IX claim fails because our court does not recognize an "erroneous outcome" theory for Title IX liability. *See Schwake v. Ariz. Bd. of Regents*, 967 F.3d 940, 947 (9th Cir. 2020). Moreover, the record does not indicate that the District's Title IX investigation was tainted by gender bias.

2.     The district court did not err in granting summary judgment for Dale on Doe's 42 U.S.C. § 1983 claim. For a successful § 1983 equal protection action, a plaintiff must show a defendant "discriminated against [her] as [a] member[] of an identifiable class and that the discrimination was intentional." *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003). Doe can show an unconstitutional motive by showing Dale "intentionally discriminated or acted with deliberate indifference." *Id.* at 1135. Doe argues that, more than just deliberate indifference, Dale "engaged in a deliberate attempt at sabotaging the orderly resolution of [Doe's] complaint, in a manner that prejudiced" her. She alleges Dale

was the source of false statements in the District's Title IX report.  But even if Dale were the source, no evidence suggests this was "a deliberate attempt at sabotage[e]" or deliberate indifference.  In fact, undisputed facts show the opposite is true.  After learning about Doe's allegations, Dale spoke with Doe's counselor to make sure Doe was being supported.  And when Doe asked to meet with Dale in December 2018, he met with her the same day.  When Doe asked for sexual assault curriculum to be added to the school, he created a program.

**AFFIRMED.**